UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **EDCV 11-01620 DMG (DTBx)** | Date | October 14, 2011 |
|---|---|---|---|

| Title | *US Bank National Association v. Lily Euwjong, et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT**

On September 15, 2011, Plaintiff U.S. Bank National Association filed a complaint in Riverside County Superior Court for unlawful detainer against Defendants Lily Euwjong, Ronny Jao, and Does 1 through 5. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $60 per day starting on September 12, 2011. (Compl. at 2.) Defendants removed the case to this Court on October 7, 2011, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and diversity of citizenship, *id.* § 1332(a).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Nor does the complaint reveal a basis for diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

As Defendants have not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk ys |
|---|---|---|